# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KOURTNEY VAUGHN, | : |
| Plaintiff, | : |
| vs. | :     CA 18-0282-KD-MU |
| OUTOKUMPU STAINLESS STEEL USA, LLC, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Outokumpu Stainless Steel USA, LLC's ("Outokumpu") motion to dismiss (Doc. 4).[1] Based on the contents of Outokumpu's motion and all other relevant pleadings in this matter, the Magistrate Judge **RECOMMENDS** that Outokumpu's motion to dismiss (Doc. 4) be **GRANTED**.

## PROCEDURAL BACKGROUND

Kourtney Vaughn received a right-to-sue letter from the United States Equal Employment Opportunity Commission on March 29, 2018 (Doc. 1, Attached Dismissal and Notice of Rights) and timely filed a form complaint in this Court on June 22, 2018 (Doc. 1, at 1-3). The check-the-box and fill-in-the-blank form Vaughn filed simply sets

---

[1] Plaintiff was extended the opportunity to file a response in opposition or an amended complaint by not later than August 1, 2018 (*see* Doc. 9) but did not do so (*compare id.* *with* Docket Sheet). Therefore, the undersigned enters this report and recommendation before the due date of the Defendant's reply (*see* Doc. 9).

forth that in March of 2017 the Defendant discriminated against her on account of her sex, in that she experienced "sexual harassment and [was] subject [] to a hostile work environment." (*Id.*). Vaugh sets forth no facts in support of her legal claims. (*See id.*).

Outokumpu filed its motion to dismiss on July 9, 2018 (Doc. 4) and in its accompanying brief seeks a Rule 12(b)(6) dismissal of the complaint based upon a failure to state a viable claim for relief (*see* Doc. 5). The undersigned entered a submission order on July 11, 2018, therein instructing Plaintiff to file her response in opposition or an amended complaint by not later than August 1, 2018. (Doc. 9). To date, the Court has received nothing from Plaintiff. (*See* Docket Sheet).

## CONCLUSIONS OF LAW

A. **Pleading Standard and *Pro Se* Plaintiffs.** The sufficiency of Plaintiff's claims to proceed beyond the pleading stage, and into discovery, is governed by the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and further detailed in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly,* the United States Supreme Court expressly abrogated the *Conley v. Gibson,* 355 U.S. 41 (1957) "no set of facts" pleading standard, holding that test "has earned its retirement" and "is best forgotten." *Twombly*, 550 U.S. at 563, 127 S.Ct. at 1969; *Simpson v. Sanderson Farms, Inc.,* 744 F.3d 702, 714 (11th Cir. 2014) ("[T]he Supreme Court categorically retired [the no set of facts test] in *Twombly*.").

Post *Twombly,* "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to

2

raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. The Court made clear that to satisfy the requirements of Fed.R.Civ.P 8(a) "something beyond the mere possibility [of an entitlement to relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people[.]" *Id.* at 557-58, 127 S.Ct. at 1966 (internal quotation marks omitted; citations omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012) (citations omitted), *cert. denied,* 568 U.S. 1088, 133 S.Ct. 856, 184 L.Ed.2d 656 (2013).

The Court directed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly,* 550 U.S. at 558, 127 S.Ct. at 1966 (internal quotations marks and ellipses omitted; citations omitted). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]" *Id.* at 559, 127 S.Ct. at 1967. "[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases…[;]it is only by taking care to require allegations that reach the level [of showing a plausible entitlement to relief] that we can hope to avoid the potentially enormous expense of discovery[.]" *Id.*

The Eleventh Circuit has likewise emphasized the importance of only allowing plausible claims to proceed beyond the pleading stage: "Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) together establish a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation

3

costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative." *ABB Turbo Sys. AG v. Turbousa, Inc.* 774 F.3d 979, 984 (11th Cir. 2014); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 & 1367-68 (11th Cir. 1997) (recognizing that "[d]iscovery imposes several costs on the litigant from whom discovery is sought[]" and "discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes."); Fed.R.Civ.P. 1 (recognizing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In *Iqbal,* the Supreme Court gave additional definition to the Rule 8(a) analysis framed in *Twombly*. The Court explained that under *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (internal citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Courts do not "'accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* at 678, 129 S.Ct. at 1950 (citation omitted); *see also id.* at 678, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]").

4

The *Iqbal* Court made clear that "[t]he pleading standard Rule 8 announces…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949 (internal citations omitted). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (brackets and citation omitted). Therefore, dismissal of a factually insufficient complaint is required because "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79, 129 S.Ct. at 1950.

In *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit Court of Appeals distilled the *Twombly/Iqbal* pleading standard into a functional "two-prong approach" for the evaluation of the sufficiency of a plaintiff's pled allegations: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (citation omitted). The Eleventh Circuit also explained: "Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (citation omitted).

Additionally, it is well-established that dismissal is required when the factual averments in a complaint affirmatively foreclose the existence of a plausible entitlement to relief. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.,* 839 F.3d 958, 971 (11th Cir. 2016) ("A plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling."), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 724 (2017); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992) (internal citations omitted).

Finally, the undersigned recognizes that while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted) (per curiam), "'this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168-69 (11th Cir.) (quoting *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998)), *cert. denied,* 135 S.Ct. 759, 190 L.Ed.2d 628 (2014). Indeed, the dismissal of *pro se* discrimination complaints devoid of factual allegations has been upheld by the Eleventh Circuit. *See, e.g., Gipson v. Secretary, United States Dep't of the Treasury,* 675 Fed.Appx. 960, 963 (11th Cir.) (upholding dismissal of *pro se* plaintiff's amended complaint where the complaint contained "only conclusory allegations of discrimination,

harassment, retaliation, and mishandling of private medical information."), *cert. denied,* 138 S.Ct. 256, 199 L.Ed.2d 165 (2017).

  **B.** <u>**Complaint Does not State a Claim Against Outokumpu.**</u> A fair reading of Vaughn's complaint (Doc. 1) simply does not reveal any factual allegations against the named Defendant that would allow this Court to draw a reasonable inference that Outokumpu could in any manner be held liable for the alleged sex discrimination, sexual harassment and hostile work environment Plaintiff claims she endured in March of 2017 at Defendant's facility in Calvert, Alabama. Indeed, the complaint (Doc. 1) is totally devoid of any factual allegations. And because Plaintiff's complaint contains mere legal conclusions, the undersigned need recommend that this Court dismiss her complaint[2] because it does not contain any factual allegations that raise her asserted rights to relief above the speculative level. *Twombly, supra,* 550 U.S. at 555, 127 S.Ct. at 1965. In other words, because Vaughn's complaint contains naked legal assertions devoid of further factual enhancement—such as specific acts/comments of sexual harassment, etc., the specific people involved, and the dates of such acts/comments—it does not suffice to give fair notice to Outokumpu and should be dismissed by the Court. *See Gipson, supra,* 675 Fed.Appx. at 963, citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 and *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1322 (11th Cir. 2015).

---

[2] Again, the undersigned extended Vaughn the opportunity to file an amended complaint (Doc. 9) but she failed to do so.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Outokumpu's motion to dismiss (Doc. 4) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 7th day of August, 2018.

                s/P. BRADLEY MURRAY
                **UNITED STATES MAGISTRATE JUDGE**